**IT IS THE RESPONSIBILITY OF COUNSEL TO READ THE ENTIRE ORDER**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Susan Goldfaden,

    Plaintiff(s),

vs

    Case No: 08-10944
    Honorable Victoria A. Roberts
    Magistrate Judge Whalen

Wyeth Laboratories, Inc., et al

    Defendant(s).
_____/

## SCHEDULING ORDER (PHASE I)

**PLEASE DOCKET IMMEDIATELY;
NO FURTHER NOTICE OF THESE DATES WILL BE SENT**

1. Exchange of Initial Disclosures under FRCP 26(a)(1):  6/30/08 .

2. Deadline to Amend:  6/30/08 .

3. Deadline for identification of all fact witnesses:  9/30/08 .

4. Discovery Motions **must be filed by**:  12/15/08 .

5. Deadline for **completing fact discovery**:  1/15/09 .

6. Settlement/Status Conference date and time:  1/29/09 at 3:00 p.m. .

    Is Settlement Conference referred to Magistrate Judge?  ___ Yes   X  No

7. Date to submit Settlement Conference Summary:  1/22/09 .

8. Identification of experts and expert discovery:  Parties agree that expert identification and discovery will be conducted after disposition of summary judgment motions .


Parties must exchange settlement offers, in writing, prior to the Settlement Conference,

and discuss them prior to the conference.

At the conference, parties (and insurance company representatives) must appear and must have full settlement authority. Such persons and entities are further ordered to prepare for and participate in the settlement conference in objective good faith. For the Defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to Plaintiff's last demand. If this representative is an insurance company, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the Plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower.

For a Plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to Defendant's last offer, whichever is higher.

**SANCTIONS WILL BE IMPOSED THE PARTY WITH FULL SETTLEMENT AUTHORITY FAILS TO APPEAR.**

In preparation for the Settlement/Status Conference, each side must provide the Court with a summary, **no more than 3 pages in length**, containing the following information. Please deliver one copy directly to chambers. **Do not file with the Clerk of the Court; do not serve opposing counsel.**

1. Statement of Claim/Defenses;

2. Applicable law and burdens of proof, and any difficulties you foresee in meeting your burden;

3. How you would present this case if you were on the opposing side (it is exceedingly important that you present this section objectively. **Do Not** resort to becoming advocate, again, on behalf of your client.);

4. Statement of Damages–for the Plaintiff, how you intend to prove them, and for the Defendant, how you intend to meet Plaintiff's claim for damages;

5. All relevant documents;

6. Litigation expenses to date, and your estimation of costs/attorney fees were this matter to go to trial; and

7. Honest evaluation, Plaintiff, of what you will settle for and, Defendant, what you will pay. The parties are urged to state serious evaluations. If it appears from the figures provided that settlement would be futile, the Court **WILL CANCEL** the Settlement Conference and simply provide dates through trial. An exercise in

futility, for example, would be one in which the Plaintiff states he/she will settle for $300,000, and the Defendant will only pay $10,000. Remember, the figures you provide are for the Court only, and not opposing counsel.

Each side should be prepared to present an oral summary of their case to the other, on the day of the conference.

**PLEASE NOTE THE FOLLOWING**:

1. The parties **may not stipulate** to extend any dates if it impacts the settlement conference date set by the Court.

2. **Briefing Schedule**: Unless specifically addressed in this Order, the local court rules apply for filing responses and replies to motions.

3. **All briefs** shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, must contain a Table of Contents, an Index of Authorities and an Index of Exhibits. The Exhibits must be tabbed. For cases and other sources cited, the briefs should contain a link to the citation. Cases should not be attached. **Counsel are to highlight relevant portions of exhibits to which the Court's attention should be directed.** Furthermore, the format requirements as set forth in LR 5.1 must be strictly adhered to.

4. **Motion hearings**: Pursuant to L.R. 7.1(e)(2), the Court will decide motions on the briefs filed, **UNLESS** the Court issues a Notice of Motion Hearing.

5. Counsel are advised to **bring their calendars** to the Settlement Conference because if the case fails to settle, the Court will set other dates, through trial, at that time.

6. **No dispositive motions** are allowed prior to the conclusion of the Settlement Conference.

**THE ABOVE CONSTITUTES AN ORDER OF THIS COURT.**


Dated: 6/10/08

/s/ Victoria A. Roberts
Honorable Victoria A. Roberts
United States District Court

(Revised 8/27/07)