UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SUSAN GOLDFADEN,

      Plaintiff,                                Case No. 08-10944

v.                                            Hon. Victoria A. Roberts

WYETH LABORATORIES, INC. and
ROBERT MONOVICH,

      Defendants.

_____

**ORDER**

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Compel Discovery and Extend Discovery Cut-Off Deadline [Doc. 38].   The Court **GRANTS** the Motion in part and **DENIES** it in part.

## II.    BACKGROUND

This is a sex discrimination action in which Plaintiff Susan Goldfaden alleges her former employer, Defendant Wyeth Laboratories Inc., and former supervisor, Robert Monovich, discriminated against her based on gender.

Plaintiff was disciplined after a subordinate, Sean Cleveland, accused her of authorizing him to violate company policy.  During the company investigation, Cleveland provided Defendants with a spiral notebook containing notes he says were kept during his employment.  Defendants relied on statements in the notebook to find Plaintiff

1

violated company policy.

Plaintiff says Defendants failed or refused to provide certain key discovery.  She seeks to compel production of Cleveland's complete spiral notebook and a highlighted document reprint which another employee showed a client during a sales call, in violation of company policy.  She also seeks an extension of the discovery cut-off date to take additional depositions.

## III.  DISCUSSION

### A.  Compliance with L.R. 7.1(a)(1)

Plaintiff says she sought concurrence with the relief requested in this Motion, but defense counsel refused to respond. [Doc. 38, p. 7].  Defendants say that she filed the Motion without first seeking concurrence, in violation of L.R. 7.1(a)(1).  The Court cannot ascertain which party's version is accurate, so the Court will resolve the Motion on the merits.

### B.  Discovery Requests

The scope and conduct of discovery is within the discretion of the Court.  *Ventura v. The Cincinnati Enquirer*, 396 F.3d 784 (6th Cir. 2005).   Discovery is governed by Fed. R. Civ. P. 26(b):

> (1) Scope in General.
>
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).  FRCP 26(b)(1).

Similarly, Fed. R. Civ. P. 30 provides for broad access to persons during the discovery process:

### (a) When a Deposition May Be Taken.

(1) *Without Leave*. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) *With Leave*. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(I) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison. FRCP 30(a).

It is well established that the scope of discovery is particularly broad in employment discrimination cases and is not to be "narrowly circumscribed." *Gomez v. Martin Marietta Corp*, 50 F.3d. 1511, 1520 (10th Cir. 1995) (citing *Scales v. J. C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir. 1991)).

In disparate treatment employment discrimination cases, the ultimate question is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 153, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).  A plaintiff may attempt to prove intentional discrimination through either direct or indirect evidence. See, e.g., *Noble*, 391 F.3d at 721.  With respect to the indirect method of proof, the Supreme Court has held that "a plaintiff's prima facie case, combined with sufficient evidence to  find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148.

A plaintiff may establish that an employer's explanation is not credible by demonstrating "either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [her] discharge, or (3) that they were insufficient to motivate discharge." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994) (internal quotation marks omitted); see also *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 529 (6th Cir. 2005) (applying *Manzer* factors); *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 600 (6th Cir. 2001) (same).  A plaintiff's showing under this factor "ordinarily consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff." *Id.*  It is against this legal framework that the Court addresses Plaintiff's specific discovery requests.

### 1.  Complete Spiral Notebook

Plaintiff deposed Cleveland and requested that he bring the original spiral notebook for inspection, along with other documents he reviewed in preparation. She says Cleveland admitted at deposition that during a private meeting with Defendants'

4

attorneys the day before, he ripped out some pages of the spiral notebook;  the notebook was one of the documents he reviewed in preparation for his deposition. Plaintiff's counsel says Defendants ignored his subsequent requests for production of the entire notebook.  Plaintiff says the ripped out pages may contain information reasonably calculated to lead to the discovery of admissible evidence.

Defendants say Cleveland testified at deposition that the remainder of his notebook contained personal, non work-related stuff. See Doc. 39-6, p. 6.  As a result, they say his complete notebook is not discoverable.  They contend Plaintiff's request is an attempt to obtain information to use against Cleveland in the state case she recently filed against him.

The Court shares Plaintiff's concerns regarding the pages ripped out just prior to Cleveland's deposition, and what appears to be Defendants' unilateral determination of relevance.  The existence of relevancy or privilege is not a unilateral determination for the attorney seeking the discovery, nor for the attorney representing the opposing party. *Mann v. University of Cincinnati*, 824 F. Supp. 1190, 1201 (S.D. Ohio 1993).

Plaintiff's *subpoena duces tecum* requested from Cleveland: (a) "all original documents containing any handwritten notes . . ."; and (b) "all documents prepared prior to . . . as part of the investigation into alleged violation of Wyeth policies or procedures by Susan Goldfaden or Sean Cleveland."  Cleveland testified that he gave the entire notebook to Wyeth investigators. See Doc. 39-6, p. 3.  Apparently, Defendants relied on Cleveland's statements in the notebook to find that Plaintiff violated company policy. Therefore, Plaintiff is entitled to determine whether the notebook contained any evidence which would have exculpated her or given Defendants reason to doubt

Cleveland's claims; both go to the veracity of Defendants' asserted justification for discipline.

Plaintiff is entitled to see the entire notebook.

### 2. Highlighted Report

Plaintiff seeks an Order requiring Defendants to produce a highlighted document reprint used by Michael Collins, a Wyeth sales representative, during a sales call at the Detroit Medical Center.  Plaintiff says Collins admitted at deposition that he violated company policy by using the highlighted reprint, but Monovich only admonished him and did not report him.  She says discovery revealed that Monovich severely disciplined another female sales representative for the same conduct, and thus this evidence supports her claim that Monovich favored men over women.  Plaintiff says defense counsel unilaterally determined the report was not relevant and refused to have Collins produce it.

Defendants say Collins cannot find the highlighted report, and testified to this at deposition.  They say they are unable to produce a document not in their possession.

Plaintiff is entitled to this document.  Defendants must attempt to locate it.  If they are unable to, they must furnish an affidavit that the document is lost or misplaced.

### 3. Extension of Discovery Cut-off

Plaintiff asks the Court to extend the discovery deadline from May 13, 2009 to allow her to depose additional witnesses (likely more than 10, which will necessitate a Motion) and to re-depose Collins and Cleveland after production of the requested documents.  Plaintiff says she needs this testimony to present admissible evidence of

Monovich's mistreatment of similarly situated employees and to obtain information about Wyeth's purported legitimate, non-discriminatory reasons for claiming Plaintiff violated company policy. She says some of these witnesses were previously unavailable due to medical or travel-related issues.

Defendants don't object to a limited extension, but do not agree that Plaintiff can take more than 10 depositions. They say Plaintiff engaged in the unnecessary and abusive practice of scheduling depositions, then cancelling them at the last minute. Defendants also say Plaintiff has an ever-growing list of individuals she would like to depose, and this Motion provides yet another list of names that were not previously proffered.

The Court extends the discovery cut-off date from May 13, 2009 to July 13, 2009 to allow Plaintiff to complete depositions. If Plaintiff seeks to depose more than 10 witnesses, she must file another Motion and obtain leave of the Court.

### C. Sanctions

Plaintiff asks the Court for an award of costs, including reasonable attorney fees, related to the preparation and filing of this Motion. Plaintiff also asks the Court to compel Collins and Cleveland to reappear for completion of their depositions at Defendants' expense. She relies on Fed. R. Civ. P. 37.

The parties dispute whether Plaintiff attempted to contact Defendants prior to filing this Motion. They also dispute the reasons for the non-completion of depositions. Defendants note that Plaintiff previously filed a similar Motion without seeking concurrence; the Court dismissed the prior Motion on that basis. They also say Plaintiff engaged in abusive discovery practices. The Court cannot discern which party's version

7

is accurate, and the Court denies Plaintiff's request for attorney fees and costs.

Additionally, the Court is not convinced there is a need to re-depose Collins and Cleveland at this time. If Plaintiff reviews the requested documents and determines that re-depositions are necessary, the Court will entertain a Motion at that time.

**IV.    CONCLUSION**

The Court **GRANTS** the Motion in part and **DENIES** it in part. Defendants are ordered to produce Cleveland's entire spiral notebook and Collins' highlighted report.

The Court **DENIES** the request for costs and attorney fees.

The Scheduling Order (Phase I) is amended to include the following dates:

- Deadline for filing Discovery motions: June 13, 2009

- Deadline for completing fact discovery: July 13, 2009

- Settlement/Status Conference: August 4, 2009 at 3:00 pm

- Settlement Conference summary due: July 28, 2009

The parties should refer to the Scheduling Order (Phase I) for the Court's requirements.

**IT IS ORDERED**.


                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  June 8, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 8, 2009. |
| s/Carol A. Pinegar |
| Deputy Clerk |

8