UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN GOLDFADEN,

    Plaintiff,                                                          Case No. 08-10944

v.                                                                       Hon. Victoria A. Roberts

WYETH LABORATORIES, INC. and
ROBERT MONOVICH,

    Defendants.

_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Personal Notes. [Doc. 42] The Court **GRANTS** the Motion in part.

**II.    BACKGROUND**

This is a sex discrimination action in which Plaintiff Susan Goldfaden alleges her former employer, Defendant Wyeth Laboratories Inc., and former supervisor, Robert Monovich, discriminated against her based on gender.

Defendants deposed Plaintiff on January 14, 2009. In response to several questions posed by defense counsel, Plaintiff made reference to her personal "notes" which contained specific dates, conversations and events. Subsequent to the deposition, defense counsel requested production of Plaintiff's notes. Plaintiff refused to produce the notes, claiming they are privileged. Defendants now move this Court to

compel Plaintiff to produce those notes.

## III.    ANALYSIS

Fed. R. Civ. P. 26(b) controls the scope of discovery, unless otherwise limited by order of the court:

> Parties may obtain discovery regarding **any** matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  FRCP 26(b)(1).  (Emphasis added).

Fed. R. Civ. P. 26(b)(3) protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative:

> (A) Documents and Tangible Things.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>     (i) they are otherwise discoverable under Rule 26(b)(1); and
>     (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.   FRCP 26(b)(3).

Under Michigan law, [t]he attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents.  The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made

for the purpose of obtaining legal advice. *Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229, 646 N.W.2d 179, 184 (Mich. Ct. App. 2002). The privilege, however, cannot protect the actual facts underlying the information contained in a communication between attorney and client; the privilege protects only confidential communications between attorney and client. *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich. App. 614, 576 N.W.2d 709, 712 (Mich. Ct. App. 1998) ("Thus, clients and their agents must disclose on request any relevant fact within their knowledge even if it incorporated a statement of that fact into a communication to the attorney.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)).

The work product doctrine "is distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (quoting *United States v. Nobles*, 422 U.S. 225, 238 n. 11, 95 S. Ct. 2160, 2170 n. 11, 45 L. Ed. 2d 141 (1975)). The doctrine is designed to allow an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference . . . to promote justice and to protect [his] clients' interests." *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451, 34 Ohio Op. 395 (1947).

So-called "fact" work product, the "written or oral information transmitted to the attorney and recorded as conveyed by the client," *In re Antitrust Grand Jury*, 805 F.2d at 163, may be obtained upon a showing of substantial need and inability to otherwise obtain without material hardship. See *Toledo Edison Co. v. G.A. Technologies, Inc.*, 847 F.2d 335, 339-40 (6th Cir. 1988). A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared in

anticipation of litigation. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006).

The United States Court of Appeals for the Sixth Circuit has yet to define "in anticipation of litigation." Other circuits have adopted the standard that asks whether a document was prepared or obtained because of the prospect of litigation. The Sixth Circuit adopted the "because of" test as the standard for determining whether documents were prepared in anticipation of litigation. *Id.*

The mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation; rather, "the document must be prepared because of the prospect of litigation when the prepared faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *National Union Fire Ins.*, 967 F.2d at 984 (emphasis in original). See also *C. Wright & A. Miller, Federal Practice and Procedure § 2024, at 198* ("the test should be whether, in light of the nature of the document and the factual situation in a particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.")

A party may satisfy its burden of showing anticipation of litigation "in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories," and that the showing "can be opposed or controverted in the same manner." *Toledo Edison*, 847 F.2d at 339. See also *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 473 (S.D.N.Y. 1993) ("In requiring a party to prove the factual basis for its claims of privilege, the courts generally look to a showing based on affidavits or equivalent statements that address each document at issue."). Where an "undisputed affidavit . . .

is specific and detailed to indicate that the documents were prepared in anticipation of litigation or trial," then the party claiming work product protection has met its burden. *Toledo Edison*, 847 F.2d at 341.

However, application of the privilege will be rejected where the "only basis" for the claim is an affidavit containing "conclusory statement[s]." *Guardsmark*, 206 F.R.D. 202, 210 (W.D. Tenn. 2002); accord *Bowne*, 150 F.R.D. at 474; *Senate of P.R. ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 262 U.S. App. D.C. 166, 823 F.2d 574, 586 (D.C. Cir. 1987) (rejecting party's "bare assertion" that documents were withheld in anticipation of litigation where facts of case raised "enough questions as to its accuracy to render it insufficient as a matter of law").

The key issue in determining whether a document should be withheld is the function that the document serves. *Coastal States Gas Corp. v. Dep't of Energy*, 199 U.S. App. D.C. 272, 617 F.2d 854, 858 (D.C. Cir. 1980). Because documents are not protected if they were created for nonlitigation purposes, regardless of content, "[d]etermining the driving force behind the preparation of each requested document is therefore required in resolving a work product immunity question." *Nat'l Union*, 967 F.2d at 984.

Here, Plaintiff testified on multiple occasions regarding her "notes." When questioned regarding the investigation which resulted in her discipline and asked if she had a record of how long certain meetings lasted, Plaintiff responded "it might be in my notes to file but I don't recall." See *Doc. 42-6, p. 3*. When asked whether she made any other specific claims to Miss Keilty, Plaintiff responded "[b]ut I do have notes, after my conversation with her, so they may be on that note." See *Doc. 42-6, p. 4*. When asked

5

whether these notes were prepared at her counsel's request, Plaintiff responded "no these were my notes all along." See *Doc. 42-6, p. 7*.

Later, following on and off the record discussions between counsel regarding whether these notes were privileged, defense counsel asked Plaintiff if she recalled when she prepared the notes. In reply, Plaintiff said: "No, but I can look on my computer and tell you that. I created it on the anticipation that because of the outcome of the trial, because of the lack of being given assurance of fair treatment for the second time in a row with the company, that I was pursuing this, so I put it together." See *Doc. 42-6, p. 10*. She said it was compiled before she consulted with her present counsel, but not before she consulted with other attorneys. *Id*. She also said she prepared the document based upon conversations with other counsel. *Id*.

Plaintiff's testimony suggests that there are two sets of notes, one prepared contemporaneously with events that occurred during her employment, and another prepared after consultation with counsel. The former clearly are not privileged. The latter might be privileged if Plaintiff can show: (1) they were prepared because of anticipated litigation; (2) that she faced an actual or a potential claim following an actual event or series of events that she reasonably believed could result in litigation; and (3) they were not created in her ordinary course of business.

The Court finds that Plaintiff must produce all handwritten or typed notes prepared contemporaneously with events that occurred during her employment, as such documents are not protected by any privilege.

As for notes which Plaintiff claims were prepared in consultation with legal counsel, Plaintiff must provide specific information which establishes the notes are

6

protected by the attorney-client and/or work product privilege. Plaintiff shall file under Seal, an Affidavit from her former attorney(s) which details: (1) the chronology of her contacts with counsel, (2) the circumstances which prompted preparation of the notes, and (3) the date(s) the notes were prepared and reviewed by counsel. The Court will review this Affidavit *in camera* and determine whether these notes are protected by any privilege.

## IV.    CONCLUSION

The Court **GRANTS** the Motion in part. The Court orders Plaintiff to produce all handwritten or typed notes prepared contemporaneously with events that occurred during her employment with Defendants. The Court reserves opinion on any additional notes which Plaintiff claims are privileged, pending an *in camera* review of the Affidavit described above, which is due on or before July 14, 2009.

Additionally:

- The parties may not file any more discovery motions.
- Plaintiff may continue the depositions of Shawn Cleveland and Lydia Rohn; however questioning must be limited to the documents produced as a result of this Court's June 8, 2009 Order.
- Plaintiff may depose Bill Campbell in Chicago, IL.
- Plaintiff may depose Rodney Jones once he returns from medical leave.
- Plaintiff may depose Jeff Cohn, if she is able to locate him. Defendants have no obligation to produce Mr. Cohn since he is no

longer in their employ.  They must furnish his last known address.

- Plaintiff must make a written Settlement Demand by June 22, 2009.

The Scheduling Order (Phase I) is amended to include the following dates:

- Deadline for completing fact discovery:  August 14, 2009
- Settlement Conference:  August 27, 2009 at 9:00 am
- Settlement Conference summary due: August 20, 2009

The parties should refer to the Scheduling Order (Phase I) for the Court's requirements.

**IT IS ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  June 25, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 25, 2009.

s/Linda Vertriest  
Deputy Clerk