UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN GOLDFADEN,

Plaintiff,

Case No. 08-10944
Hon. Victoria A. Roberts

v.

WYETH LABORATORIES, INC.
and ROBERT MONOVICH,

Defendants.
_______________________________/

**ORDER**

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Compel Plaintiff's Personal Notes [Doc. 42]. For the reasons below, the Court **DENIES** the Motion.

## II. BACKGROUND

Plaintiff Susan Goldfaden alleges that her former employer, Defendant Wyeth Laboratories Inc., and former supervisor, Defendant Robert Monovich, discriminated against her based on gender. The parties engaged in discovery, which included written interrogatories, oral depositions and requests for production of documents. Defendants filed this Motion to Compel Plaintiff's Personal Notes after Plaintiff refused to produce certain personal notes on grounds that they were privileged.

On June 25, 2009, the Court granted Defendants' Motion in part and ordered Plaintiff to produce all handwritten or typed notes that were prepared

contemporaneously with events that occurred during her employment with Defendants. See Doc. 50. The Court reserved opinion on certain additional notes; Plaintiff claimed she prepared them to obtain legal advice. The Court ordered Plaintiff to file, under Seal, an Affidavit from her former attorney which detailed: (1) the chronology of her contacts with counsel, (2) the circumstances which prompted preparation of the notes, and (3) the date(s) the notes were prepared and reviewed by counsel.

On July 29, 2009, Plaintiff filed two Affidavits under Seal – her own and one from attorney Lisa Panourgias, with whom she consulted on three occasions prior to instituting this action. The Court reviewed these Affidavits *in camera.*

On August 3, 2009, the Court entered an Order [Doc. 54] requiring Plaintiff to submit for *in camera* review, copies of all notes which she claims are protected by the attorney client and/or work product privilege. The Court received 13 pages of notes, filed under Seal on August 12, 2009, and reviewed these Notes *in camera.*

## III. ANALYSIS

Fed. R. Civ. P. 26(b) protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (I) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions,

> conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The United States Court of Appeals for the Sixth Circuit, in *Toledo Edison Co. vs. G A Technologies, Inc*., 847 F.2d 335, 339 (6th Cir. 1988), set forth a five step analysis that must be used in judging a "work product" exemption claim:

> 1. The party requesting discovery must show that the materials are "relevant" to the subject matter of the litigation;
>
> 2. If this burden is met, the objecting party has the burden of showing that the material was "prepared in anticipation of litigation or for trial";
>
> 3. If this burden is met, the requesting party must show that he (a) has substantial need of the materials, and (b) that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means;
>
> 4. Even if the requesting party makes the showing required in step 3, the court may not require discovery of "mental impressions, conclusions, opinions or legal theories of an attorney or representative"; and
>
> 5. In any event, the court may not order discovery of Rule 26(b)(4) expert materials, without also satisfying Rule 26(b)(4).

The Sixth Circuit has yet to define "in anticipation of litigation." Other circuits adopted the standard that asks whether a document was prepared or obtained because of the prospect of litigation. Courts applying the "because of" test typically recognize both a subjective and objective element to the inquiry; that is, a party must "have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable." *In re Sealed Case*, 330 U.S. App. D.C. 368, 146 F.3d 881 at 884; see also *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993) (requiring anticipation to be objectively reasonable). The Sixth Circuit adopted

the "because of" test as the standard for determining whether documents were prepared in anticipation of litigation. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006).

A party may satisfy its burden of showing "in anticipation of litigation" in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories, and that the showing "can be opposed or controverted in the same manner." *Toledo Edison Co*., 847 F.2d at 339. Where an "undisputed affidavit . . . is specific and detailed to indicate that the documents were prepared in anticipation of litigation or trial," then the party claiming work product protection has met its burden. *Id.* at 341. However, application of the privilege will be rejected where the "only basis" for the claim is an affidavit containing "conclusory statement[s]." *Guardsmark v. Blue Cross and Blue Shield of Tenn.*, 206 F.R.D. 202, 210 (W.D. Tenn. 2002); accord *Bowne of NYC, Inc. v. Ambose Corp.*, 150 F.R.D. 465, 474 (S.D. N.Y. 1993).

Thus, in *Roxworthy*, the Sixth Circuit reversed a district court order compelling production of two memoranda that defendant argued were protected by work product privilege. *Roxworthy*, 457 F.3d at 601. The memoranda were prepared for defendant by an auditing firm to analyze the tax consequences of certain business transactions pertaining to the creation of a captive insurance company and related stock transfers. The IRS claimed the memoranda were created to assist defendant in the preparation of its taxes and yearly audit, and thus were not privileged. The company vice president and in-house general counsel submitted affidavits which detailed that the company anticipated litigation due to the uncertainty surrounding the area of tax law at issue.

Their assertions were corroborated by the memoranda's highly detailed discussions of hypothetical legal arguments. The appeals court concluded that defendant demonstrated that the "expected litigation" was concrete despite the absence of an overt indication that the IRS would commence litigation. *Id*. at 600.

By contrast, the court in *Guardsmark* rejected plaintiffs' work product privilege claim in a breach of contract action where the defendant sought to compel production of audit findings, reports and related audit information prepared by a private auditing firm hired by plaintiff. *Guardsmark*, 206 F.R.D. at 210. The parties' contract contained a provision which required defendant to cooperate with any audit. An audit was conducted around the time that the parties were winding up their contractual relationship and settling their final accounts. Plaintiff asserted that errors found in the audits resulted in damages. Plaintiff contended the audit information was immune from disclosure under the work-product doctrine because the audit was conducted to assess the possibility of litigation, and submitted the affidavit of its general counsel as support. The *Guardsmark* court determined that the affidavit was conclusory, and since there was no other evidence supporting its assertions, the nature of the documents and the factual situation did not support the claim that the documents were prepared because of litigation. *Id*. at 210.

Likewise, in *Bowne*, the court rejected the defendant Ambase's privilege claim where it offered no affidavits addressing the underlying facts upon which it based its privilege claims and failed to cite any specific deposition testimony or other competent evidence on which it might rely in opposing the plaintiff's motions to compel. *Bowne*, 150 F.R.D. at 475-476. Ambase's reliance on a privilege log, which did not indicate

whether the documents contained legal advice, were prepared to elicit legal advice from others, or were intended to be kept confidential, was insufficient to sustain its privilege claim. *Id*. at 474-475.

Here, Plaintiff testified at deposition and made multiple references to her "notes." When asked whether these notes were prepared at her counsel's request, Plaintiff responded "no these were my notes all along." See *Doc. 42-6, p. 7*. Plaintiff said those notes were contained in a six-page document that she prepared on her computer. See *Doc. 42-6, p. 10*. The court already determined that those typewritten notes, prepared contemporaneously with Plaintiff's employment, were not privileged and had to be disclosed.

However, the 13 pages of notes which the Court reviewed *in camera* are handwritten. They contain a chronology of events involving Sean Cleveland, the subordinate at issue, and what Plaintiff considers to be important facts regarding the circumstances and investigation which resulted in her constructive discharge. Plaintiff presents evidence via affidavit that she consulted legal counsel after this employee falsely accused her of misconduct and Defendant Wyeth began investigating her. After being disciplined by Wyeth, based in her view on the false statement, she again consulted with Attorney Panourgias about possible legal representation. She says that during one of these legal consultations, Panourgias asked her to prepare a written chronology of key events. Plaintiff says that she prepared the written chronology at Panourgias' direction, in contemplation of commencing legal action against Wyeth.

Panourgias likewise indicates via affidavit that she consulted with Plaintiff on three occasions between April and October 2006 relative to her employment at Wyeth,

and that her normal practice is to tell prospective clients to prepare a written chronology of key events to assist her in determining whether her firm can provide legal representation.

Based on the affidavits and the Court's review of the notes, the Court finds that Plaintiff satisfied her burden to demonstrate subjective anticipation of litigation. Plaintiff identifies specific events precipitating litigation and the specific controversy at issue in this case. In light of the circumstances surrounding the investigation and her discipline, Plaintiff's expectation of litigation was objectively reasonable. Therefore, the handwritten notes are immune from disclosure under the work-product doctrine.

## IV. CONCLUSION

The Court **DENIES** Defendant's Motion to Compel Production of Plaintiff's Personal Notes. This Order is limited to the 13 pages of handwritten notes reviewed by the Court *in camera*.

In accordance with the Court's June 25, 2009 Order, Plaintiff is to re-produce any additional handwritten or typewritten notes prepared contemporaneously with Plaintiff's employment.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 21, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 21, 2009.

s/Linda Vertriest
Deputy Clerk