UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Susan Goldfaden,

    Plaintiff(s),

                                                                Case No: 08-10944

vs                                                              Honorable Victoria A. Roberts

Wyeth Laboratories, ,

    Defendant(s).

_____/

**SCHEDULING ORDER (PHASE II)**

**PLEASE DOCKET IMMEDIATELY:
NO FURTHER NOTICE OF THESE DATES WILL BE SENT**

1. Dispositive Motion requirements;
2. Setting Date for filing of Final Pretrial Order;
3. Setting date of Final Pretrial Conference;
4. Setting Trial date;
5. Providing for content of Final Pretrial Order and describing material to be prepared and to be made available to the Court and counsel; and
6. Setting forth brief format requirements.

1. Depositions of Jones, Cleveland and Rum to be completed by:   9/30/09  .

2. Dispositive Motions **must be filed by**:   10/14/09  .

When filing motions for summary judgment, parties shall proceed in accordance with the following:

    A. Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with <u>Celotex Corp. v Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v Liberty Lobby, Inc.</u> 477 U.S. 242 (1986) and <u>Matsushita Electric Industrial Co. Ltd. v Zenith Radio Corp.</u> 475 U.S. 574 (1986). An excellent summary of these cases appears in <u>Street v J.C. Bradford & Co.</u>, 886 F.2d 1472 (6th Cir. 1989). See also Schwarzer, <u>Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact</u>, 99 F.R.D. 465 (1984).

B.  Facts stated in the statement of material facts <u>must</u> be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits or documentary exhibits. The appendix shall contain an index and shall be tabbed.

C.  Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well established legal principles.  Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts. For cases and other sources cited, the briefs should contain a link to the citation.  Cases should not be attached.

D.  The Court cautions the parties that it is not the Court's function to "figure out" what evidence they rely upon in support of claims or defenses.  It is incumbent upon the parties to make substantive arguments, with specific references to the record, in support of **each** claim or defense asserted.

3.  Response briefs must be filed and in opposing counsel's hands by: 11/9/09 .

4.  Reply briefs must be filed and in opposing counsel's hands by: 11/23/09 .

5.  Deadline for identification of all Plaintiff's experts and reports: 4/16/10 .
    (Expert disclosure must be accompanied by a written report of the expert, as required by FRCP 26(a)(2), unless the parties stipulate otherwise.)  Please note that expert opinions cannot change between the date for close of discovery and date trial is to begin.

6.  Plaintiff's experts to be deposed by: 5/14/10 .

7.  Deadline for identification of all Defendant's experts and reports: 5/14/10 .
    (Expert disclosure must be accompanied by a written report of the expert, as required by FRCP 26(a)(2), unless the parties stipulate otherwise.)  Please note that expert opinions cannot change between the date for close of discovery and date trial is to begin.

8.  Defendant's experts to be deposed by: 6/14/10 .

9.  Deadline for filing motions in limine to exclude expert testimony ("Daubert motions"): 6/25/10 .

10. Responses to motions in limine to exclude expert testimony ("Daubert motions"): 7/1/09 .

11. Case Evaluation: N/A .
    (Case evaluation shall occur approximately four to six weeks before the Settlement Conference.)

    _____ Parties stipulate to case evaluation sanctions and costs.

\_\_\_\_\_ Parties do not stipulate to case evaluation sanctions and costs.

12. Final Settlement Conference date and time:   6/28/10 at 3:00 p.m.                              .

Parties must exchange settlement offers, in writing, prior to the Settlement Conference, and discuss them prior to the conference.

At the conference, parties (and insurance company representatives) must appear and must have full settlement authority.  Such persons and entities are further ordered to prepare for and participate in the settlement conference in objective good faith.  For the Defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to Plaintiff's last demand.  If this representative is an insurance company, the representative must have  final authority to commit the company to pay, in the representative's own discretion, an amount up to the Plaintiff's  last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower.

For a Plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to Defendant's last offer, whichever is higher.

**SANCTIONS WILL BE IMPOSED IF THE PARTY WITH FULL SETTLEMENT AUTHORITY FAILS TO APPEAR.**

12. Deadline for filing Joint Pretrial Order:  7/12/10                                            .

13. *Deadline for filing all other Motions in Limine:  7/12/10                                .

11. *Deadline for filing Responses to Motions in Limine:  7/19/10                          .

12. Final Pretrial Conference Date and Time:   7/26/10 at 3:00 p.m.                        .
    **Trial counsel must be present at the Final Pretrial Conference.**

13. Hearing on Motions in Limine:   7/26/10 at 3:00 p.m.                                        .

14. Trial date and time:   9/7/10 through 9/14/10                                                    .

    Jury Trial    X                  

    Non Jury Trial _____

**PLEASE NOTE THE FOLLOWING**:

1. The parties **may not stipulate** to extend any dates.

3

2. **Briefing Schedule**: Unless specifically addressed in this Order, the local court rules apply for filing responses and replies to motions.

3. **All briefs** shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, must contain a Table of Contents, an Index of Authorities and an Index of Exhibits. The Exhibits must be tabbed. For cases and other sources cited, the briefs should contain a link to the citation. Cases should not be attached. **Counsel are to highlight relevant portions of exhibits to which the Court's attention should be directed.** Furthermore, the format requirements as set forth in LR 5.1 must be strictly adhered to. A courtesy copy of all motions and briefs must be submitted directly to Judge Roberts' chambers.

4. **Motion hearings**: Pursuant to L.R. 7.1(e)(2), the Court will decide motions on the briefs filed, **UNLESS** the Court issues a Notice of Motion Hearing.

5. **Bench trials**: Findings of Fact and Conclusion of Law are to be submitted on the first day of trial.

   \* Motions in Limine can be filed in Bench Trials only with leave of court.

**THE ABOVE CONSTITUTES AN ORDER OF THIS COURT.**


Dated: 8/31/09

/s/ Victoria A. Roberts
Honorable Victoria A. Roberts
United States District Judge


(Revised: 3/08)